UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

IRAJ MAHINGOSTAR,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendant and alleges:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff, IRAJ MAHINGOSTAR, is a citizen of California.

2. Defendant, CARNIVAL CORPORATION (hereinafter "CARNIVAL"), is a foreign corporation incorporated with its principal place of business in Florida

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.  In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. This matter falls under the admiralty and maritime jurisdiction of this Court.

    a. The Plaintiff demands a jury trial pursuant to the Saving to Suitors Clause of 28 U.S.C. § 1333.  This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because Carnival unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this Federal District and*

*Division,* as opposed to any other place in the world.

5. Defendant, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 and/or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

   f. The Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Carnival Inspiration*.

6. Defendant is subject to the jurisdiction of the Courts of this state.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

8. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the Carnival *Inspiration.*

9. On or about February 24, 2017, the Plaintiff was a paying passenger boarding a cruise on Defendant's vessel, which was in navigable waters.

10. At all times material hereto, Defendant operates the Long Beach Cruise Terminal where the Plaintiff was boarding the cruise on Defendant's vessel.

11. On or about February 24, 2017, while boarding the Carnival *Inspiration*, the Plaintiff

- 3 -

suffered serious personal injuries when he fell backwards down an escalator as a result of the negligence of Defendant.

**COUNT I – NEGLIGENCE**

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

12. It was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances. Alternatively, at all material times, Defendant and/or its employees, engaged in certain affirmative undertakings, as hereafter alleged; and in doing so acquired a duty to exercise reasonable care in those undertakings. Additionally, it was the duty of Defendant to provide the Plaintiff with safe embarkation and disembarkation in each port.

13. On or about February 24, 2017, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances and/or its duty to provide the Plaintiff with safe embarkation and disembarkation in each port.

14. On or about February 24, 2017, the Plaintiff was injured due to the fault and/or negligence of Defendant and/or its agents, servants, and/or employees as follows:

   a. Failure to provide passengers, including Plaintiff, with reasonably safe access to the subject vessel, and/or;

   b. Failure to maintain a reasonably safe area for passenger embarkation onto the subject vessel, and/or;

   c. Failure to identify the hazard(s) and/or hazardous condition(s) which caused Plaintiff to fall down the subject escalator, and/or;

   d. Failure to adequately inspect the area where Plaintiff suffered his accident, including but not limited to the subject escalator;

e. Failure to warn Plaintiff of the hazard(s) posed to him, including but not limited to the hazards of the subject escalator, and/or;

f. Failure to warn the Plaintiff of the risk(s) and/or hazard(s) posed to him due to the lack of adequate maintenance and inspection of the area where he suffered his accident, including but not limited to the subject escalator, and/or;

g. Failure to regularly and adequately inspect and/or maintain the subject escalator where Plaintiff suffered his accident in a reasonably safe condition, and/or;

h. Failure to correct, eliminate, and/or modify the hazard(s) which caused Plaintiff to suffer his accident, including but not limited to the subject escalator, and/or;

i. Failure to close off access to the area where Plaintiff suffered his accident, including but not limited to the subject escalator, and/or;

j. Failure to ascertain the cause of prior similar accidents occurring on the subject escalator, so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's accident, and/or;

k. Failure to properly position the equipment used for passenger embarkation purposes, including but not limited to the subject escalator, to avoid injuries to cruise passengers such as Plaintiff, and/or;

l. Failure to ensure the subject escalator was in proper working condition in order to avoid injuries to cruise passengers such as Plaintiff, and/or;

m. Failure to take adequate precautions so that the subject escalator did not pose an unreasonable danger to cruise passengers such as Plaintiff, and/or;

n. Failure to take adequate precautions so that the subject escalator would not

injure cruise passengers such as Plaintiff, and/or;

o. Failure to ensure that Defendant's employees, agents, affiliates, partners, and/or joint ventures' adequately monitored the subject escalator to avoid injuries to cruise passengers such as Plaintiff, and/or;

p. Failure to inform Plaintiff that the subject escalator was not reasonably safe, and/or;

q. Failure to inform Plaintiff that the subject escalator was not reasonably safe for elderly persons such as Plaintiff, and/or;

r. Failure to inform Plaintiff that the subject escalator was not safe for persons carrying heavy luggage such as Plaintiff, and/or;

s. Failure to inform cruise passengers, including Plaintiff, that the subject escalator was not safe for persons of all ages and/or physical abilities, and/or;

t. Failure to inform Plaintiff that an alternative means of embarkation was available and/or that Plaintiff was permitted to board the vessel using a nearby elevator instead of the subject escalator, and/or;

u. Failure to instruct Plaintiff that using an alternative means of embarkation, including but not limited to a nearby elevator, would be a safer way to board the subject vessel, and/or;

v. Instructing Plaintiff to go onto the subject escalator, despite Plaintiff's apparent age and/or physical ability and/or the fact that Plaintiff was carrying heavy luggage, and/or;

w. Instructing Plaintiff to go onto the subject escalator, despite the availability of a nearby elevator, and/or;

    x. Failing to require that persons of a certain age and/or physical ability board the subject vessel using the nearby elevator and/or without using the subject escalator, and/or;

    y. Failing to require that persons carrying heavy luggage, such as Plaintiff, board the subject vessel using an alternative means of embarkation, and/or;

    z. Failing to provide passengers of all ages and/or physical abilities, including Plaintiff, with reasonably safe access to the subject vessel free of hazardous conditions, and/or;

    aa. Failing to provide passengers carrying heavy luggage, such as Plaintiff, with reasonably safe access to the subject vessel free of hazardous conditions; and/or

    bb. Failing to provide Plaintiff with adequate assistance in boarding the vessel safely.

15. All of which proximately caused and/or contributed to the Plaintiff becoming injured when he fell backwards down the subject escalator while attempting to board the Defendant's vessel, Carnival *Inspiration*.

16. At all times material hereto, CARNIVAL had exclusive custody and control of the Carnival *Inspiration* and the subject cruise terminal where Plaintiff's accident occurred.

17. At all times material hereto, CARNIVAL violated the International Safety Management Code's goals and intent and failed to properly, adequately and safely implement the International Safety Management Code, and by extension, its own SQM Manual.

18. At all times material hereto, CARNIVAL failed to have an adequate Safety Management System Manual aboard the Carnival *Inspiration*, and/or failed to properly implement the Safety Management System Manual aboard the Carnival *Inspiration*.

19. As a result, all of the above proximately caused and/or contributed to the Plaintiff being injured when he fell backwards down the subject escalator while attempting to board the Defendant's vessel, Carnival *Inspiration*.

20. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

21. As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, post-traumatic stress disorder and other mental and/or nervous disorders, suffered the aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiff's injuries.  The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future.  In addition, the Plaintiff lost the benefit of the Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Jason R. Margulies*

**JASON R. MARGULIES**
Florida Bar No. 57916
jmargulies@lipcon.com
**MARC E. WEINER**
Florida Bar No. 91699
mweiner@lipcon.com

- 8 -

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .